ROBERT ROBINSON v. BOARD OF SUPERVISORS OF CHEBOYGAN COUNTY.

*Supervisors—Certificate of election—Contested office.*

The board of supervisors cannot go behind the statutory certificate of the election of a specified person as supervisor: and *mandamus* will lie to compel them to admit the person so declared elected.

A board of supervisors has no authority to determine ·the right to a seat in the board where an election thereto is contested; the question is one for judicial cognizance.

MANDAMUS.    Submitted Oct. 17.    Granted Oct. 18.

*Bell & Adams* for relator.

*J. J. Brown* and *Charles R. Brown* for respondent.

PER CURIAM.    Mandamus to compel the respondent to admit the relator to a seat as supervisor of the township of Benton.    The record shows that the statutory certificate of the election of relator at the annual township meeting was duly made, signed and filed by a majority of the election board, and that relator duly took and filed the oath of office. In opposition to this it was shown that at the close of the poll the votes were counted and one Gallagher, the opposing candidate to relator, was declared elected; that said Gallagher had filed oath accordingly and proceeded to act as supervisor, and been admitted by respondents to a seat on the board as duly chosen, and that the count on which relator was certified to be elected was made on.opening the boxes the day after the election.

The Court held that the relator had the *prima facie* right, and that when he presented himself as a member of the board, respondents had no authority to go behind the certificate and enter upon an examination of his actual election. If the election is disputed, the dispute presents a question for judicial cognizance, and the board of supervisors have no authority to try it.

Mandamus granted.